# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GLENN M. HOLMES, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13CV2258 HEA |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Glenn Holmes's petition for writ of habeas corpus under 28 U.S.C. § 2254.  The petition appears to be barred by the limitations period.  Accordingly, the Court will direct petitioner to show cause why the petition should not be dismissed.

Petitioner was convicted of possession of a controlled substance and possession of not more than thirty-five grams of marijuana.  Missouri v. Holmes, No. ED98028 (Mo. Ct. App. 2012).  Petitioner sought postconviction relief in the state courts, and on October 16, 2012, the Missouri Court of Appeals denied his postconviction appeal.  The appellate court issued its mandate on November 8, 2012.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year period of limitations began running no later than November 8, 2012, the date on which the Missouri Court of Appeals issued its mandate. See Payne v. Kemna, 441 F.3d 570, 571 (8th Cir. 2006). Therefore, it expired by November 8, 2013. Petitioner filed this action on November 13, 2013, the date he brought it to the Clerk's office.[1] Because petitioner filed it after the limitations period expired, it appears that this action should be dismissed. See 28 U.S.C. § 2254, Rule 4.

The Court will afford petitioner an opportunity to show good cause why this action should not be summarily dismissed. Petitioner's response must be filed no later than twenty-one days from the date of this Order. See Day v. McDonough, 126

---

[1] Petitioner is not incarcerated.

S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

If petitioner does not comply with this Order, the Court will summarily dismiss this case.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, no later than twenty-one days from the date of this Order, why this action should not be dismissed as time-barred.

Dated this 25th day of November, 2013.

                      HENRY EDWARD AUTREY
                      UNITED STATES DISTRICT JUDGE