**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

GLEN M. HOLMES, JR., )
)
Petitioner, )
)
v. ) No. 4:13CV2258 HEA
)
ELLIS MCSWAIN, JR., )
)
Respondent. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus under 28 U.S.C. § 2254. Because the petition appears to be untimely, the Court will order petitioner to show cause why the petition should not be summarily dismissed as time-barred.

Petitioner was convicted of possession of a controlled substance and possession of not more than 35 grams of marijuana after a bench trial in front of Judge Timothy J. Wilson. See State v. Holmes, Case No. 22021-01806-01. On August 19, 2004, Judge Wilson sentenced petitioner to (2) two concurrent terms of three (3) years and one term of one year. The court then suspended the execution of the sentence ("SES") and placed petitioner on probation for two (2) years. At that time, petitioner did not appeal his conviction or sentence or file a timely motion for post-conviction relief.

The court revoked petitioner's probation on March 1, 2007. Petitioner did not file his first post-conviction relief motion until April 5, 2007, pursuant to Missouri Rule 24.035, which was denied on December 30, 2011. See Holmes v. State, Case No.

0722-CC01098.  Petitioner appealed the denial of the post-conviction motion, and the Missouri Court of Appeals affirmed the lower court on October 15, 2012.  <u>See</u> <u>Holmes v. State</u>, No. ED98028 (Mo.Ct.App.).  The appellate court issued its mandate on November 8, 2012.  Petitioner is not currently incarcerated.

In the instant petition, petitioner argues that his conviction was obtained as a result of an unlawful arrest.  Specifically, petitioner references the testimony of Officer Shell Sharp, one of the arresting officers, whose credibility has since been attacked by various authorities.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. E.g., State v. Nelson, 9 S .W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten days after the judgment was entered. Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment became final on August 29, 2004. Because petitioner did not file an appeal or motion for post-conviction relief within the one-year period, the limitations period for filing a federal habeas petition expired on August 29, 2005. The petition is, therefore, time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause no later than twenty-one (21) days from the date of this Memorandum and Order why his petition should not be dismissed as time-barred.

Dated this 17th day of January, 2014.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE