UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLENN M. HOLMES, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13CV2258 HEA |
| | ) |
| ELLIS MCSWAIN, JR.[1], | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of the record.

Upon review of the habeas corpus petition, it has become apparent that petitioner is seeking relief from his original conviction for possession of a controlled substance. See State v. Holmes, Case No. 22021-01806-01.

On August 19, 2004, the state trial court sentenced petitioner to (2) two concurrent terms of three (3) years and one term of one year. The court then

---

[1]Petitioner has named as respondent the State of Missouri. The proper respondent for a prisoner currently in custody pursuant to a state court judgment is the state officer having custody of the applicant. See 28 U.S.C. § 2254, Rule 2(a). However, it appears petitioner is currently on parole, thus, the proper respondent is "the particular . . . parole official in charge of the parole agency." Rule 2 of the Rules Governing § 2254 Cases in the United States District Courts (Advisory Comm. Notes). Ellis McSwain, Jr., the Chairman of the Missouri Board of Prob. and Parole, is the proper respondent in this petition. The Court will substitute Ellis McSwain, Jr. As the proper respondent.

suspended the execution of the sentence ("SES") and placed petitioner on probation for two (2) years. At that time, petitioner did not appeal his conviction or sentence.

It appears from a review of Mo.Case.Net, that an order for probation suspension was entered by the trial court on July 20, 2006, and petitioner's probation was revoked on March 1, 2007. Petitioner did not file his first post-conviction relief motion until April 5, 2007. See Holmes v. State, Case No. 0722-CC01098. The Court presumes that his post-conviction relief motion was filed in relation to his probation revocation, which would form the basis for a separate habeas corpus petition before this Court.[2]

As the Court misunderstood petitioner's intentions regarding his writ of habeas corpus in its prior Order to Show Cause, the Court will vacate its November 25, 2013 Memorandum and Order and issue a new Order to Show Cause with respect to petitioner's application for writ of habeas corpus, as it, too appears to be time-barred.

---

[2]Rule 2(e) of the Rules Governing § 2254 Cases requires that petitioner file a separate petition for each state court judgment he challenges. Under Missouri law, an SES is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. E.g., State v. Nelson, 9 S.W.3d 687, 688 (Mo.Ct.App. 1999). Moreover, probation is not part of the sentence and operates independently of the sentence. See Barnes v. State, 826 S.W.2d 74, 76 (Mo.Ct.App. 1992).

Accordingly,

**IT IS HEREBY ORDERED** that the Court's November 25, 2013 Memorandum and Order is **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk shall docket this petition as <u>Glenn M. Holmes, Jr. v. Ellis McSwain, Jr.</u>

Dated this 17th day of January, 2014.

                                                                               HENRY EDWARD AUTREY
                                                                               UNITED STATES DISTRICT JUDGE